UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DONNA LIN | : | CIVIL ACTION |
|    Plaintiff | | NO. 3:00CV 2045 (AHN)(HBF) |
| V. | : | |
| JAMES LOZINSKI | : | June 18, 2004 |
|    Defendant | | |

## MOTION TO BIFURCATE THE ISSUE OF PUNITIVE DAMAGES

The undersigned defendant in the above-captioned matter respectfully request this Court to bifurcate the issue of the amount of punitive damages from the plaintiff's other claims.

The decision to bifurcate issues such as punitive damages is firmly within the discretion of the trial judge. <u>In Re Master Key Antitrust Litigation</u>, 528 Fed. 2d 5, 14 (2nd Cir. 1975). In determining whether bifurcation is proper, the Court must weigh the issues of convenience, judicial economy and possible prejudicial effects to the parties. See Federal Rules of Civil Procedure 42(b).

In the present action, the plaintiff is seeking punitive damages for conduct which allegedly resulted in violations of her rights to be free from unreasonable

searches and seizures guaranteed by the Fourth Amendment.  As to this claim, the plaintiff is proceeding pursuant to 42 U.S.C. § 1983.  The purpose of awarding punitive damages is to punish a defendant and deter any similar conduct from occurring in the future.  <u>Smith v. Wade</u>, 461 U.S., 30, 54 (1983).  In <u>Aldrich v. Thomson</u>, 756 Fed. 2d. 243, 249 (2nd Cir. 1985), the court held that punitive damages should not be greater than any amount necessary to punish a defendant and deter such conduct from occurring again.  "[A]n award should not be so high as to result in financial ruin of the defendant . . . [n]or should it constitute a disproportionately large percentage of a defendant's net worth".  <u>Vasbinder v. Scott</u>, 976 F.2d 118, 121 (2d Cir. 1992) [Citations omitted].

Accordingly, in determining the amount of punitive damages, the defendant's net worth must be determined so as to prevent a disproportionately large award.

To prevent such a disproportionate award, it is the defendant's burden to prove whether their financial circumstances require a limited, punitive damages award. <u>Smith v. Licrhtenincr Bolt Productions Inc.</u>, 861 F.2d 363, 373 (2d Cir. 1988).  In <u>Smith</u>, the Second Circuit opined that:

> Since it often would be prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability and compensatory damages, the preferred method of accommodating the various interests is to delay trial as to the amount of an award of punitive damages until the usual issues of liability

> and compensatory damages have been tried, along with the matter of whether the defendant's conduct warrants any award of punitive damages at all. If the jury finds in favor of the claimant on all these issues, the parties should then be allowed to present evidence with respect to the amount of the punitive damages award.

Id. at 373-74.

Additionally, judicial economy and convenience to the parties favor bifurcation of the issue of the amount of punitive damages. Should the jury find punitive damages are not warranted, time, money and effort would not have been wasted litigating the amount of reasonable punitive damages. Similarly, there would be no need to produce personal and intrusive evidence of the defendant's net worth.

Therefore, to avoid undue prejudice during the liability and compensatory damage phase of this action, attain judicial economy and convenience of the parties, the defendant respectfully requests that this Court grant his motion to bifurcate the issue of the amount of punitive damages until the jury resolves the issue of liability, compensatory damages, and determines whether punitive damages are even warranted.

                                      DEFENDANT,
                                      JAMES LOZINSKI

By: _____
      Robert A. Rhodes of
      HALLORAN & SAGE, LLP
      315 Post Road West
      Westport, CT 06880
      Juris No. 412195
      Their Attorneys

## CERTIFICATION

       This is to certify that on this 18th day of June, 2004, I hereby mailed a copy of the foregoing to:

Norman Pattis, Esq.
Williams and Pattis, LLC
51 Elm Street, Suite 409
New Haven, CT 06510

                                                                                           Robert A. Rhodes

562860.1(HS-FP)

HALLORAN & SAGE
ATTORNEYS AT LAW
315 Post Road West ▪ Westport, CT 06880 ▪ (203) 227-2855 ▪ Juris No. 412195